·(No. 948—Claim denied.)

E-Z Opener Bag Company, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed March 29, 1927.*

Franchise tax—*when court without jurisdiction to refund.* Where the claimant has an adequate remedy at law in a court of general jurisdiction to recover the tax paid by mistake, the court will not take jurisdiction of his claim.

McDavid & Monroe, for claimant.

Oscar E. Carlstrom, Attorney General; David J. Kadyk, Assistant Attorney General, for respondent.

Mr. Chief Justice Clarity delivered the opinion of the court:

This is a claim for a refund of franchise tax in excess of that which should have been paid and which was paid under a mistake of fact as contended by the claimant. It appears to the court that the essence of claimant's contention arose through the fact that certain questions were not answered and certain other questions were improperly answered in an annual report filed with the Secretary of State by claimant on February 17, 1925. It would further appear to the court that if the questions in said report were fully and properly

answered by the claimant that the error complained of would not have occurred. It would appear that a mistake cannot be properly chargeable to the Secretary of State in the view of the fact that the report did not disclose all that should be known according to claimant. It would seem that it is incumbent upon the claimant, a large corporation, to understand their requirements, or be properly and legally advised as to an important report of the character of the one in question.

The court has read carefully all the evidence and arguments in this case and are of the opinion that the statutes of the State of Illinois gave claimant at least 30 days after the payment of this money into the Secretary of State's hands to discover the mistake, and if necessary to enforce the adjustment of the same through the court of general jurisdiction and it further appears to this court that if the claimant pursued the legal remedies otherwise prescribed that an adjustment and determination could have been made in the Secretary of State's office.

It has been heretofore frequently announced by this court that where a claimant had a legal remedy and failed to follow same that this court would not take jurisdiction.

Therefore it is recommended by this court that said claim be disallowed.